UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
DAVID C. LETTIERI,                  )
      Plaintiff,                    )
                                    )
v.                                  )      Civil No. 25-12421-WGY
                                    )
DISCIPLINE LEARNING                 )
OFFICER, et al.,                    )
      Defendants.                   )
                                    )
```

MEMORANDUM AND ORDER
June 2 , 2026

YOUNG, J.

For the reasons set forth below, the Court dismisses this action pursuant to the 28 U.S.C. § 1915A(b) and the Court's inherent authority.

## I.    Background

Pro se plaintiff David C. Lettieri, who is confined at FMC Devens, has filed a complaint naming as defendants several officers and employees at FMC Devens. Doc. No. 1. Plaintiff did not pay the filing fee nor sought leave to proceed in forma pauperis.

## II.   Preliminary Review

Summonses have not issued pending a preliminary review of this matter.  Screening of the complaint is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court

must dismiss a complaint or a portion thereof if the prisoner has raised claims that (1) are legally frivolous or malicious; (2) fail to state a claim on which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). In conducting its review, the court must liberally construe the complaint because plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Moreover, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). A party bringing a civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee1, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).[1]

---

[1]Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas "civil action or appeal[ing] a judgment in a civil action or proceeding" generally cannot proceed in forma pauperis ("IFP") if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was "frivolous, was malicious, or fail[ed] to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g).

### III. Discussion

Here, plaintiff did not pay the $405 filing fee for filing his complaint. The three-strikes rule applies here because Lettieri has, while a prisoner, filed more than three non-habeas actions that federal district courts, including this Court, have dismissed for failure to state a claim upon which relief may be granted. See Lettieri v. Fed. Med. Ctr. Devens, No. 25-cv-40134-JDH, 2025 WL 3022527, at *2 (D. Mass. Oct. 29, 2025) (collecting cases and applying three-strikes rule).

Even if plaintiff sought leave to proceed in forma pauperis, he cannot proceed without prepayment of the $405 filing fee unless he plausibly pleads in his complaint that the defendants' alleged misconduct places him in imminent danger of serious physical injury. He has made no such showing. As a result, plaintiff cannot proceed with this case because he has not prepaid the filing fee.

## IV.  Conclusion

In accordance with the foregoing, this action is DISMISSED pursuant to 28 U.S.C. § 1915A(b) and the Court's inherent authority. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

William G. Young
United States District Judge